FILED by **KA** D.C.

May 10, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 22-60099-CR-SINGHAL/SNOW

Case No. _____

18 U.S.C. § 1343
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853

UNITED STATES OF AMERICA

vs.

ALAIN RENE GALETTE,

      Defendant.

_____/

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and

make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

3. Businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses. In general, an employer is obligated to report to the Internal Revenue Service ("IRS"), with an IRS Form 941, the number of salaried employees who receive IRS W-2s.

4. On or about June 12, 2020, the SBA issued an Interim Final Rule, made effective June 24, 2020, that a business was ineligible for a PPP loan if any owner of 20 percent or more of the equity of the business had been convicted of a felony within a specified period of time. The PPP loan application required the business (through its authorized representative) to certify whether or not any owner of the business, for any felony, had been convicted, pleaded guilty, pleaded nolo contendere, or been placed on any form of parole or probation, within the last year.

5. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

6. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on the

allowable expenses within a designated period of time and used a certain percentage of the PPP loan proceeds on payroll expenses.

7. Lender 1 was a non-bank small business lender located in Atlanta, Georgia. Lender 1 participated as a PPP lender to small businesses.

### The Economic Injury Disaster Loan Program

8. Another source of relief provided by the CARES Act was the Economic Injury Disaster Loan ("EIDL") program, a program by the U.S. Small Business Administration ("SBA") that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

9. The CARES Act authorized the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of the advance was determined by the number of employees the applicant certified having. The advances did not have to be repaid.

10. In order to obtain an EIDL and advance, a qualifying business had to submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period was that preceding January 31, 2020. The applicant also had to certify that all of the information in the application was true and correct to the best of the applicant's knowledge.

11. The SBA may decline an applicant for an EIDL if an owner of the business had been convicted of a felony within the past five years. The business applicant had to certify on the EIDL application whether any listed owner of the business, for any felony, had been convicted,

pleaded guilty, pleaded nolo contendere, been placed on pretrial diversion, or been placed on any form of parole or probation, within the last five years.

12. EIDL applications were submitted directly to the SBA. The amount of the loan, if the application was approved, was determined based, in part, on the information provided by the application about employment, revenue, and cost of goods, as described above. Any funds issued under an EIDL or advance were issued directly by the SBA. EIDL funds must be used by the business on certain permissible expenses, such as payroll, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

13. The SBA Office of Disaster Assistance controlled the EIDL program and was headquartered in Washington, D.C. EIDL applications were received by an SBA server located in Iowa. The SBA processed the loan payments at its Office in Denver, Colorado.

**The Defendant and his Company**

14. The defendant, **ALAIN RENE GALETTE**, was a resident of Miami-Dade County, Florida.

15. In 2006, Price Consulting Firm, LLC was formed as a New York limited liability company with a listed address of 158-36 75th Avenue, Flushing, New York 11366. Price Consulting Firm, LLC had an Employer Identification Number ("EIN") assigned to it by the Internal Revenue Service.

16. In 2019, the name, "Price Consulting Firm," was registered with the State of Florida as a fictitious name for **ALAIN RENE GALETTE**, with a listed address of 10340 Camel Back Lane, Boca Raton, FL 33498. The fictitious name Price Consulting Firm had no EIN assigned to it.

## COUNTS 1-4
## Wire Fraud
## (18 U.S.C. § 1343)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around July 2020, and continuing through in or around September 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ALAIN RENE GALETTE,**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, sign, signals, pictures and sounds.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including EIDL and PPP loans, and (b) diverting fraud proceeds for the defendant's personal use, the use and benefit of others, and to further the fraud.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the object and purpose of the scheme and artifice included, among others, the following:

4. **ALAIN RENE GALETTE** submitted and caused the submission of a fraudulent PPP loan application and a fraudulent EIDL loan application under the name of Price Consulting Firm, using the Boca Raton, Florida address, and the Price Consulting Firm, LLC's EIN, via interstate wire communications.

5. In furtherance of the scheme, **ALAIN RENE GALETTE** attempted to conceal his identity by listing an invalid social security number instead of his own on the fraudulent loan applications.

6. In furtherance of the scheme, **ALAIN RENE GALETTE** submitted and caused the submission of false and fraudulent information and documentation in support of the PPP and EIDL loan applications, including falsified Internal Revenue Service ("IRS") forms, and false representations about Price Consulting Firm's number of employees, amount of monthly payroll, and amount of gross revenue.

7. In furtherance of the scheme, **ALAIN RENE GALETTE** falsely and fraudulently represented that he had not been convicted of a felony within the time period specified in the loan applications.

8. As a result of the false and fraudulent PPP loan application submitted as part of this scheme, Lender 1 approved a PPP loan for Price Consulting Firm, and initially disbursed the loan proceeds via interstate wire transmission, but the funds were returned because they had been sent to an invalid account.

9. As a result of the false and fraudulent EIDL loan application submitted as part of this scheme, the SBA approved an EIDL loan for Price Consulting Firm and disbursed the EIDL loan proceeds to Price Consulting Firm at the BB&T bank account for **ALAIN RENE GALETTE**, d/b/a Price Consulting Firm, via interstate wire transmission.

10. **ALAIN RENE GALETTE** used the proceeds from the fraud scheme for his own use, the use of others, and to further the fraud.

## USE OF WIRES

11. On or about the dates specified as to each count below, in the Southern District of Florida, and elsewhere, **ALAIN RENE GALETTE**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | July 20, 2020 | Electronic transmission to Lender 1 of a PPP loan application in the name of Price Consulting Firm, including an IRS Form 941 (Employer's Quarterly Federal Tax Return), causing a wire transmission from the Southern District of Florida to Georgia. |
| 2 | August 6, 2020 | Electronic transmission to Lender 1 of IRS Form 1040 (Individual Tax Return for 2019), submitted in support of a PPP loan application in the name of Price Consulting Firm, causing a wire transmission from the Southern District of Florida to Georgia. |
| 3 | August 18, 2020 | Electronic transmission to the SBA of an EIDL loan application in the name of Price Consulting Firm, causing a wire transmission from the Southern District of Florida to Iowa. |
| 4 | September 8, 2020 | Electronic transmission of EIDL funds by the SBA to a BB&T bank account in the name of **ALAIN RENE GALETTE**, d/b/a Price Consulting Firm, causing a wire transmission from Colorado to the Southern District of Florida. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **ALAIN RENE GALETTE**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a sum of at least $150,000, which represents the total amount of funds derived from the alleged offenses and may be sought as a forfeiture money judgment.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

> (i) cannot be located upon the exercise of due diligence;
>
> (ii) has been transferred or sold to, or deposited with, a third party;
>
> (iii) has been placed beyond the jurisdiction of the court;
>
> (iv) has been substantially diminished in value; or
>
> (v) has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p). Such substitute property includes, but is not limited to, the following:

> (i) a 2022 Cadillac Escalade, bearing vehicle identification number ("VIN") 1GYS3JKT4NR222809;

8

(ii) a 2021 Cadillac Escalade, bearing VIN 1GYS3JKT0MR419426;

(iii) a 2019 Mercedes-Benz Sprinter Van, bearing VIN WDAPF1CD1KP115608; and

(iv) a 2017 Mercedes-Benz Sprinter Van, VIN WD3PF1CD1HP552041.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and/or Title 21, United States Code, Section 853(p), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

AIMEE C. JIMÉNEZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
v.

ALAIN RENE GALETTE,

Defendant/

CASE NO. **22-60099-CR-SINGHAL/SNOW**

CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

**Court Division:** (Select One)
- [ ] Miami
- [ ] Key West
- [✓] FTL
- [ ] WPB
- [ ] FTP

New defendant(s)  [ ] Yes  [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect **Creole**

4. This case will take **3-4** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days      [✓]
   - II  6 to 10 days     [ ]
   - III 11 to 20 days    [ ]
   - IV  21 to 60 days    [ ]
   - V   61 days and over [ ]

   (Check only one)
   - Petty        [ ]
   - Minor        [ ]
   - Misdemeanor  [ ]
   - Felony       [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

AIMEE C. JIMENEZ
Assistant United States Attorney
Court ID No.     A5500795

*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ALAIN RENE GALETTE

**Case No:** _____

Counts #: 1-4

Wire fraud

Title 18, United States Code, Section 1343

**\* Max. Penalty:** Twenty (20) years' imprisonment as to each count

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.